IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD L. RIEDLINGER,                             Case No. 07-1385-HO

        Plaintiff,                              ORDER

   v.

Commissioner of Social Security,

        Defendant.

    Plaintiff filed this action for review of the decision of the Commissioner denying his application for disability insurance benefits. Plaintiff does not demonstrate that the decision results from legal error or lacks the support of substantial evidence. Therefore, the decision is affirmed.

    Any allegedly erroneous reason provided by the administrative law judge for not being "persuaded by the statements and testimony of the lay witnesses that the claimant's ability to perform work activities was compromised by pain or mental impairments during the material period[,]" is harmless. The ALJ provided other reasons, germane to each witness and

supported by substantial evidence, for his consideration of the lay evidence. Lay witnesses testified that plaintiff engaged in medium exertion activities during the material period, whereas doctors previously released plaintiff to light work, the level of exertion reflected in the assessment of plaintiff's residual functional capacity (RFC). (Tr. 25-26). Lay statements that plaintiff had difficulty with medium exertion tasks do not demonstrate that plaintiff could not perform sedentary or light exertion tasks. Although lay testimony that plaintiff suffered from mental impairments and physical restrictions following bladder procedures during the material period may not actually "conflict" with medical records from the material period because the records are silent regarding such impairments and restrictions, the medical records are silent on these matters nonetheless. (Tr. 24-26).

RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing bases, that is, 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p; 20 C.F.R. § 404.1545(b) and (c). Plaintiff's authority does not hold that an ALJ must specifically state the policy interpretation contained in SSR 96-8p in the written decision.

The ALJ properly relied on the testimony of the vocational

2 - ORDER

expert.  As noted above, the ALJ did not err in considering the lay evidence or by failing to expressly state that the RFC assesses an individual's ability to sustain activities 8 hours a day for five days a week.  Furthermore, the Ninth Circuit rejected plaintiff's argument that the requirements for admissibility of expert testimony under Federal Rule of Evidence 702 apply to the testimony of the VE.  Bayliss v. Barnhart, 427 F.3d 1211, 1218, n. 4 (9th Cir. 2005).

Because the ALJ found that plaintiff can perform other work, the ALJ's alleged failure to perform a functional analysis of plaintiff's past work is harmless.

The ALJ's failure to address plaintiff's evidence that certain agencies lack job data does not warrant reversal.  The evidence does not prove that the VE lacked such data, and no foundation beyond the VE's recognized expertise is required for the VE's testimony.  Id. at 1218.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

SO ORDERED.

DATED this ___6th___ day of January, 2009.

                                              s/ Michael R. Hogan
                                              United States District Judge